UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL JONES, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>EEG, INC., FRANK SCHOENEMAN, and MICHAEL D. BOUMAN, all conducting business as the "Empire Education Group,",<br><br>        Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants EEG, Inc., Frank Schoeneman and Michael D. Bouman (collectively, "Defendants"), by and through their counsel, Duane Morris, LLP, hereby provide notice that this action has been removed from the Pennsylvania Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453, on the grounds of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support of this Notice of Removal, Defendants allege as follows:

### BACKGROUND

1. On or about August 15, 2015, Plaintiff Russell Jones ("Plaintiff Jones" or "Plaintiff"), on behalf of himself and as the representative of a class of similarly situated persons, filed a Class Action Complaint against Defendants in the Pennsylvania Court of Common Pleas, Philadelphia County, captioned: Russell Jones, on behalf of himself and all others similarly

situated v. EEG, Inc., Frank Shoeneman, and Michael D. Bouman, all conducting business as the "Empire Education Group", Civil Action No. 001505.

2. On August 26, 2015, counsel for Defendants accepted service of the Complaint pursuant to PA. R. CIV. P. 402(b). A copy of the Summons and Complaint with Defendants' Acceptance of Service is annexed hereto as Exhibit A.

3. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them, including, but not limited to, the right to contest in personam jurisdiction, and improper venue, in this Court or in the court from which this action has been removed.

4. The Complaint alleges that Defendants are liable to Plaintiff and each class member for allegedly violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. Ann. § 201-1, et seq.; the Complaint further alleges that Defendants beached an implied contract duty of good faith and fair dealing and that Defendants have been unjustly enriched. See Ex. A, Compl. at Counts I through III.

5. Specifically, Plaintiff alleges that 63 Pa. Cons. Stat. Ann. § 513 "prohibits a cosmetology school from charging consumers more for student-provided services than the cost of the materials consumed in providing those services," and that Defendants unlawfully "employ a uniform policy of charging fees to members of the public for cosmetology services at Defendants' student salons which are much higher than the cost of the materials consumed in providing those services." Id., Compl. at ¶¶ 5, 7.

6. The Complaint alleges that Defendants' alleged policy "of charging student salon customers more for cosmetology services than the costs of the materials consumed" constitutes a "deceptive business practice" in violation of the UTPCPL and further violates Pennsylvania law

regarding unjust enrichment and the implied contract duty of good faith and fair dealing. <u>Id.</u>, Compl. at ¶¶ 8-9.

7. By way of example, the Complaint alleges that, on February 2, 2012, Plaintiff Jones received three student-provided cosmetology procedures at Defendants' student salon located in Warminster, PA. Specifically, the Complaint alleges Plaintiff Jones was charged $15.00 for a "basic facial," and that "the cost of the consumable materials used in providing that procedure, per customer, is less than $2." The Complaint further alleges that Plaintiff Jones was charged $8.00 for a "deep conditioning treatment," and that "the cost of the consumable materials used in providing such a procedure, per customer, is less than $2." Additionally, the Complaint alleges that Plaintiff Jones was charged $5.00 for a "basic manicure," and that "the cost of the consumable materials used in providing a 'basic manicure,' per customer, is less than $2." <u>Id.</u>, Compl. at ¶¶ 36-42.

8. Plaintiff purports to bring this action on behalf of "[a]ll customers who received student-provided cosmetology services at one of Defendants' student salons in Pennsylvania between August 12, 2009 and the present, and who paid a fee for such services." <u>Id.</u>, Compl. at ¶ 57.

9. The Complaint alleges that Plaintiff and members of the class were damaged as a result of Defendants' alleged violations of the UTPCPL and Pennsylvania law regarding unjust enrichment and the implied contract duty of good faith and fair dealing. Specifically, Plaintiff alleges that "[a]s a proximate result of this conduct, Plaintiff and the class have suffered an ascertainable loss of money and property because they were charged in excess of what may legally be charged for student-provided cosmetology services under 63 Pa. Cons. Stat. Ann. § 513." <u>Id.</u>, Compl. at ¶ 110.

10. In addition, the Complaint claims that by "violating a Pennsylvania statute which expressly required Defendants to limit any fees charged to actual costs, Defendants breached the implied covenant of good faith and fair dealing "in the same manner described by the Pennsylvania Supreme Court in <u>Liss & Marion, P.C. v. Recordex Acquisition Corp.</u>, 603 Pa. 198, 983 A.2d 652 (Pa. 2009) (affirming grant of summary judgment to a class on implied contract/breach of duty of good faith and fair dealing theory, where the defendant charged class members more for copies of medical records than was allowed under a Pennsylvania statute limiting prices to actual costs)," and that, as a result of that alleged breach, Plaintiff and each class member suffered damages. <u>Id.</u>, Compl. at ¶ 86-87.

11. The Complaint further alleges that Defendants are liable to Plaintiff and each class member for unjust enrichment/disgorgement. <u>Id.</u>, Compl. at Count III, ¶¶ 111-115. Specifically, Plaintiff alleges that as a result of Defendants' unlawful conduct, "Defendants received a benefit from Plaintiff and the class, in the form of fees paid to Defendants by Plaintiff and the class for student-provided cosmetology services which were in excess of those lawfully allowed by 63 Pa. Cons. Stat. Ann. § 513," and that "retention of that benefit by Defendants would be unjust because the amounts collected by Defendants exceed statutory limits." <u>Id.</u>, Compl. at ¶¶ 112, 114. Plaintiff further claims that "equity demands that Defendants disgorge themselves of this benefit and that the benefit be returned to Plaintiff and the class." <u>Id.</u>, Compl. at ¶ 115.

12. The Complaint demands treble damages and statutory penalties for the UTPCPL count, as well as punitive damages, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## **JURISDICTIONAL REQUIREMENTS SATISFIED**

13.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because:

(a)  The action filed by Plaintiff in the Pennsylvania Court of Common Pleas, Philadelphia County, is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B);

(b)  There is minimal diversity.  Specifically, at least one member of the putative, potential nationwide class of plaintiffs is a citizen of a different state than Defendants; and

(c)  The aggregate value of the amount in controversy based on Plaintiff's allegations exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).

14.  None of the exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(3) or (d)(4) apply.

**Minimal Diversity Exists Pursuant To 28 U.S.C. § 1332(d)(2)(A)**

15.  Plaintiff Jones is a member of the plaintiff class.  See Ex. A, Compl. at ¶ 11. Plaintiff Jones is an individual purportedly domiciled in the State of Pennsylvania, Philadelphia County.  See id., Compl. at ¶ 11.

16.  Both at the time Plaintiff filed the Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County, against Defendants, and continuing to the present, Defendant EEG, Inc. was and is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in Pottsville, Pennsylvania.  See id., Compl. at ¶ 13; see also Declaration of James Wunderle ("Wunderle Decl."), annexed as Exhibit

B, at ¶ 2; see also 28 U.S.C. § 1332(c). Defendant EEG, Inc. is therefore a citizen of Pennsylvania and Delaware for purposes of diversity jurisdiction.

17. Both at the time Plaintiff filed the Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County, against Defendants, and continuing to the present, Defendant Schoeneman has been a resident of Pennsylvania and employed by Defendant EEG, Inc. See id., Compl. at ¶ 14; see also Ex. B, Wunderle Decl. ¶ 3. Defendant Schoeneman is therefore a citizen of Pennsylvania for purposes of diversity jurisdiction.

18. Both at the time Plaintiff filed the Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County, against Defendants, and continuing to the present, Defendant Bouman has been a resident of Pennsylvania and employed by Defendant EEG, Inc. See id., Compl. at ¶ 15; see also Ex. B, Wunderle Decl. ¶ 4. Defendant Bouman is therefore a citizen of Pennsylvania for purposes of diversity jurisdiction.

19. Plaintiff asserts claims on behalf of himself, a Pennsylvania citizen, and a class consisting of all persons **nationwide** who received student-provided cosmetology services at one of Defendants' Empire Beauty School clinics in Pennsylvania for a six-year period preceding the filing of this action, and who paid a fee for such services. See Ex. A, Compl. at ¶¶ 11, 47. The purported class consists of numerous individuals who are citizens of different states than Defendants. By way of example only, of the 71,982 services provided for a fee since August 12, 2009 at the Empire Beauty School student salon clinic located in Hanover, PA, over 3,700 were provided to individuals who provided a home address in a different states than Pennsylvania and Delaware. See Ex. B, Wunderle Decl. ¶ 6.

20. Based on the foregoing, minimal diversity exists because at least one member of the class is a citizen of a different state than Defendants. See 28 U.S.C. § 1132(d)(2); See Ellithy

v. Healthcare Training Inst., Inc., Civil Action No. 2:12-cv-06209 (CCC)(JAD), 2013 U.S. Dist. LEXIS 89959, at *3 (D.N.J. June 21, 2013) (finding that Defendants satisfied their burden of establishing minimal diversity under CAFA where all Defendants were citizens of New Jersey and at least one plaintiff within the putative class did not reside in and was not a citizen of New Jersey); Myers v. Jani-King of Phila., Inc., Civil Action No. 09-1738, 2009 U.S. Dist. LEXIS 68192, at *3, 6-7 (E.D. Pa. Aug. 4, 2009) (Defendants met the minimal diversity requirement under CAFA where one Defendant was a Texas corporation with its principle place of business in Pennsylvania, two Defendants were Texas Corporations with their principle places of business in Texas, named Plaintiffs were all residents of Pennsylvania and the group of potential class members consisted of about 185 individuals with addresses in Pennsylvania and about 61 with addresses outside of Pennsylvania).

**The Aggregate Value of the Amount in Controversy Exceeds $5,000,000**

21. Removal is proper because based upon a fair reading of the Complaint and the Notice of Removal, it appears to a legal certainty that Plaintiff and class members could recover more than the CAFA jurisdictional amount of $5,000,000. See Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007) (citing Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)). Although the conclusory allegations in the Complaint represent that the amount in controversy is less than the $5,000,000 jurisdictional threshold required for diversity jurisdiction under CAFA, see Ex. A, Compl. at ¶ 22, such an attempt to disclaim or limit the potential recovery of absent class members is unlawful and ineffectual. See Standard Fire Co. v. Knowles, 133 S.Ct. 1345, 1349 (2013) (Plaintiff "lacked the authority to concede the amount-in-controversy issue for the absent class members.").

22. "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d

392, 398 (3d Cir. 2004). "For jurisdictional purposes, [the Court's] inquiry is limited to examining the case 'as of the time it was filed in state court.'" Id. (citation omitted). The Complaint includes only conclusory statements that "the out-of-pocket loss of each class member is less than $100" and "the total amount in controversy in this matter, including attorney's fees, is less than $5 million." See Ex. A., Compl. at ¶¶ 22, 72. Because Plaintiff has not stated an exact sum sought in the Class Action Complaint, the Court must perform an independent appraisal of the amount in controversy and, in doing so, may rely upon facts alleged in Defendants' Notice of Removal, as well as those alleged in Plaintiff's Class Action Complaint. See Frederico, 507 F.3d at 197 ("In addition, to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 197 (D.N.J. 2006) ("If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence."); Fluke v. CashCall, Inc., Civil Action No. 08-5776, 2009 U.S. Dist. LEXIS 18847, at *7 (E.D. Pa. Mar. 10, 2009) (holding that Plaintiff's averment in the complaint that the claims of the putative class fall below the $5 million statutory minimum are not conclusive and, upon conducting an independent analysis of the actual legal claims asserted in the complaint and information provided through affidavits, concluding that the amount in controversy requirement was met under CAFA).

23. Although Defendants disputes liability and any entitlement of Plaintiff or the proposed class to monetary relief, it is respectfully submitted that, based upon a fair reading of this Notice of Removal together with the Complaint — including consideration of the relief

sought, the class definition, and the scope and size of the class — the Complaint seeks damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA, to a legal certainty.

24. Although the Complaint does not identify the exact size of the proposed class, it alleges that the class is "so numerous that joinder of all members is impracticable." See Ex. A, Compl. at ¶ 51. Moreover, the Complaint alleges that the proposed class consists of ""[a]ll customers who received student-provided cosmetology services at one of Defendants' student salons in Pennsylvania between August 12, 2009 and the present, and who paid a fee for such services." Id., Compl. at ¶ 57.

25. The Complaint alleges actual damages in the form of fees paid to Defendants by Plaintiff and the class members for student-provided cosmetology services that were in excess of those lawfully allowed by 63 Pa. Cons. Stat. Ann. § 513, and further alleges that the fees allowed by 63 Pa. Cons. Stat. Ann. § 513 were less than $2.00 per service. Id., Compl. at ¶¶ 32-33, 36-44, 87, 110, 114-115.

26. From August 12, 2009 to August 27, 2015, a total of 1,586,597 student-provided cosmetology services were performed at Empire Beauty School student salon clinics in Pennsylvania. The total amount in fees charged for these 1,586,597 services was $14,795,220.82. See Ex. B, Wunderle Decl. ¶ 7. Even if the fees allowed by N.J.S.A. § 45:5B-3(h) are $2.00 per service (Plaintiff actually alleges that the fees allowed are **less than** $2.00 per service), the "excess" alleged by Plaintiff on behalf of himself and class members would total $11,622,026.82, which is far more than the CAFA jurisdictional threshold minimum amount in controversy of $5,000,000.

27. Given that the Complaint seeks actual damages in the form of fees paid to Defendants by Plaintiff and the class members for student-provided cosmetology services that were in excess of those it purports were lawfully allowed by 63 Pa. Cons. Stat. Ann. § 513, the damages sought in the Complaint based upon fees paid by Plaintiff and class members during the time period in question, far exceeds the CAFA jurisdictional threshold minimum amount in controversy of $5,000,000, even before considering other categories of damages for which Plaintiff prays. Adding the treble damages, punitive damages, attorney's fees and statutory penalties sought by Plaintiff in the Complaint makes this potential damages exposure even greater.

28. In addition, 28 U.S.C. § 1453 provides an alternate, independent basis for removal. Section 1453 provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." Such minimal diversity exists here because, as explained above, Defendants are citizens of Pennsylvania and Delaware and at least one member of the putative class is a citizen of a different state than Defendants.

## REMOVAL REQUIREMENTS SATISFIED

29. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after Defendants received a copy of the Complaint, see supra at ¶¶ 1-2, that was filed by Plaintiff in the Pennsylvania Court of Common Pleas, Philadelphia County.

30. Defendants have not filed a responsive pleading in the action commenced by Plaintiff in the Pennsylvania Court of Common Pleas, Philadelphia County against Defendants and no other proceedings have transpired in that action.

31. This Notice of Removal is being filed in the U.S. District Court for the Eastern District of Pennsylvania, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

32. Promptly after filing this Notice of Removal with the District Court for the Eastern District of Pennsylvania, a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of Pennsylvania Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. § 1446(d). A copy of both documents will also be served upon Plaintiff's counsel. A copy of the notice notifying the Clerk of the Pennsylvania Court of Common Pleas, Philadelphia County, of removal from state court, is annexed hereto as <u>Exhibit C</u>.

33. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants respectfully request that this action be duly removed from the Pennsylvania Court of Common Pleas, Philadelphia County, to this Court, and that it proceed herein.

/s/ Natalie F. Hrubos
Natalie F. Hrubos (No. 307255)
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103-4196
Phone: +1 215 979 1000
Fax: +1 215 979 1020
nfhrubos@duanemorris.com

Counsel for Defendants

Dated: September 8, 2015

DM1\6035565.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL JONES, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EEG, INC., FRANK SCHOENEMAN, and MICHAEL D. BOUMAN, all conducting business as the "Empire Education Group,",<br><br>    Defendants. | Civil Action No. _____ |

## Certificate of Service

I, Natalie Hrubos, Esquire, hereby certify that on September 8, 2015, I caused a copy of the Defendant's Notice of Removal (and all corresponding pleadings, including the Declaration of Counsel in support thereof) to be served via ECF and overnight delivery upon counsel of record for Plaintiff, addressed as follows:

> Stephen Denittis
> Denittis Osefchen PC
> 525 Route 73 N Ste 410
> Marlton, NJ 08053-3422

> /s/ *Natalie F. Hrubos*
> Natalie F. Hrubos, Esq.