IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 15-5018 |
| EEG, INC. et al | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                               **April 18, 2015**

Our subject matter diversity jurisdiction allows citizens of completely different states to assert their claims in federal court when the matter in controversy exceeds $75,000. A little over ten years ago, Congress expanded our diversity jurisdiction by allowing defendants in a state court class action with at least one hundred members where the amount in controversy exceeds $5 million to remove the state court class action to this Court's jurisdiction if any class member is a citizen of a state different from any defendant. In turn, Congress permitted the state court plaintiff to ask this Court to remand the class action back to state court if he initially demonstrates at least one third of his class are <u>citizens</u> of the forum state. Under our diversity jurisdiction, the threshold issue is "citizenship", not residency.

A Pennsylvania consumer seeking to remand his multi-million dollar class action against a Pennsylvania beauty school has now adduced jurisdictional discovery showing over fifty-eight percent (58%) of his proposed class had Pennsylvania home addresses when they visited the beauty school from 2009 until 2015. He thus renews his once-denied motion to remand based solely on these residency statistics. Residency is not enough. Home addresses from years ago do not, absent additional evidence of domicile, warrant remand of his class action back to state court. Having failed to adduce additional evidence, by sampling or otherwise, of at least one–third of his class comprised of Pennsylvania citizens, we deny Plaintiff's renewed motion to remand.

I. **Jones moves to remand Empire Beauty's removal under CAFA.**

Philadelphia resident Russell Jones ("Jones") claims the Empire Beauty School ("Empire Beauty") salons in Pennsylvania violated Pennsylvania law by uniformly overcharging customers for cosmetology services provided by its students. He sued Empire Beauty in the Philadelphia County Court of Common Pleas on behalf of himself and "[a]ll customers who received student-provided cosmetology services at one of the Defendants' salons in Pennsylvania between August 12, 2009 and the present, and who paid a fee for such services."[1] Jones did not allege the citizenship of any party or putative class member.

Empire Beauty removed his case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), claiming minimal diversity although admitting Jones is purportedly domiciled in Pennsylvania and Defendants are citizens of Pennsylvania and Delaware. On this basis alone, there is no minimal diversity.[2] To meet minimal diversity, Defendants swore providing cosmetology services to over 3,700 persons during the class period with home addresses in states other than Pennsylvania or Delaware.[3] Jones moved to remand his case to state court arguing under 28 U.S.C. § 1332(d)(3)(4) we should apply common sense to assume at least one-third and possibly two-thirds of his putative class are Pennsylvania citizens.[4]

We initially declined to assume citizenship of tens of thousands of customers of this retail cosmetology business.[5] We allowed Jones to take jurisdictional discovery to challenge Beauty School's affidavit and meet his burden.[6]

II. **Jones renews his remand motion with data of customers' residences.**

In discovery, Empire Beauty produced Excel data identifying the residential addresses provided by fifty-eight percent (58%) of its 352,232 unique customers during the class period. The data confirms ninety-seven percent (97%) of these customers listed a Pennsylvania address as their

home address. Even assuming none of the approximate 148,000 remaining customers lived in Pennsylvania, Empire Beauty's data confirms at least fifty-eight percent (58%) of the Empire Beauty's customers listed a Pennsylvania residence at the time they received services since August 12, 2009.

Jones relies entirely on this home address data. He elected not to adduce evidence of voter registration or census data.

### III. Analysis

Congress provided two arguments for a class plaintiff seeking to return to his forum of choice in the state court known as the mandatory "home state exception" and the discretionary "local controversy exception." Both arguments require, from the outset, determining citizenship of the class members.

As it relates to citizenship, the mandatory home state exception requires remand when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are <u>citizens</u> of the State in which the action was originally filed."[7] The discretionary local controversy exception allows us to remand where plaintiff can show between one-third and two-thirds of the class is comprised of <u>citizens</u> of the state in which the action was originally filed.[8] It is the plaintiff's burden to establish the citizenship of the class members under either exception.[9]

"A person is a considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States."[10] One's domicile is his "true, fixed and permanent home and place of habitation."[11] Domicile consists of two requirements: 1) "an objective physical presence in the state or territory"; and 2) "subjective intention to remain there indefinitely."[12] Where the objective and subjective elements are present, domicile is instantly established.[13] Once established, one's domicile is presumed to continue until it shown to have been changed.[14]

3

Residency does not equal domicile. "Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."[15] In determining domicile, we examine: 1) voting registration and voting practices; 2) location of personal and real property; 3) location of brokerage and bank accounts; 4) membership in unions, fraternal organizations, churches, clubs, and other associations; 5) place of employment or business; driver's license and automobile registration; and 6) payment of taxes.[16]

In *Vodenichar v. Halcon Energy Properties Inc.*, the district court found plaintiff supplied proof greater than two-thirds of its putative class members are citizens of Pennsylvania.[17] In reaching its conclusion, the district court relied on the plaintiffs' lawyer's testing every twenty-fifth (25th) name on the putative class list of 1800 persons to determine voter registrations based solely on LexisNexis public records and then confirming each of the 72 workers from his sample registered to vote in Pennsylvania.[18] Our court of appeals found this minimal sampling of domicile evidence (72 out of approximately 1800) met CAFA's burden based upon sampling resulting in a 100% voter registration. While 72 is nowhere near two-thirds of 1800, the district court and court of appeals found, based on their deference to sampling based on voter registration. Here, Jones elected not to present evidence on the voter registrations of his putative class members.

In *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, the court of appeals reversed a district court's remand to state court under the "local controversy exception."[19] In a consolidated case under the same caption, the court of appeals affirmed the district court's remand under the discretionary home state exception where plaintiffs introduced affidavits of eight potential class members indicating their intent to return to New Orleans after Hurricane Katrina[20] Comparing the court of appeals' reasoning in *Preston I* and *Preston II* affirms our view, and the view of a majority of courts, plaintiff must adduce some evidence of domicile. Plaintiff submitted an affidavit swearing

242 of 299 patients listed a Louisiana address as their primary billing address and residence.[21] The court found this affidavit insufficient and did not presume the billing addresses reflected their domicile.[22] Noting the "formidable task" plaintiffs face in adducing sufficient evidence of citizenship, but without any evidence of intent of these potential class members to remain in Louisiana, the plaintiffs failed to meet their burden.[23]

Even where a plaintiff submits class-member affidavits concerning their citizenship, they should obtain the affidavits and extrapolate the data with a "disciplined approach."[24] In the most recent analysis in *Hood*, the plaintiff requested former employees submit affidavits affirming or denying their Missouri citizenship.[25] Of the 286 former employees, ninety-five (95) returned affidavits affirming their Missouri citizenship but 126 with last known Missouri addresses did not return an affidavit.[26] The district court reasoned the last-known residence evidence combined with the affidavits, proved more than two-thirds of the class were Missouri citizens.[27] The court of appeals reversed, finding the extrapolation of the citizenship of those who responded to those who did not respond was an improper way to sample the class.[28] The court reasoned those who were no longer at the last-known address were more likely not to respond and more likely not to be Missouri citizens and thus, this data could not be used to "bridge the gap" to two-thirds of the class.[29]

We observe from these cases a plaintiff must submit some evidence of domicile for a court to apply common sense assumptions and logical inferences to determine the probable citizenship of a putative class. A plaintiff cannot simply provide domicile evidence without applying a proper sampling technique.

We permitted the parties to take jurisdictional discovery to aid Jones in his bid to show at least one-third of the class is comprised of Pennsylvania citizens. Empire Beauty provided Jones with "Excel Data . . . relating to customers who purchased salon services in their Pennsylvania salons

5

during the class period."[30] Jones retained Microsoft Certified Professional Michael Mangold to analyze the data[31] The data covered the time period January 1, 2009 through December 31, 2015, and identified: 1) unique customers who received services from an Empire Beauty student at a Pennsylvania salon; 2) services performed by Empire Beauty students on customers at Pennsylvania salons; 3) unique customers who received a service by a student at a Pennsylvania salon and provided a residential address; and 4) unique customers who received a service by an Empire Beauty student at a Pennsylvania salon and provided either no address or a non-Pennsylvania address.[32] Based on the data, Mangold determined 352,232 unique customers received a service from January 2009 to December 2015.[33] Of those, 204,223 unique customers provided a Pennsylvania residential address.[34] Only 6,836 unique customers provided a non-Pennsylvania residential address.[35] This means 141,173 unique customers did not provide an address at all.

Jones argues his data shows at least one-third of the class is comprised of Pennsylvania citizens. Jones implores us to use "common sense assumptions and logical inferences" to reach this conclusion.[36] We disagree. We cannot apply "common sense assumptions" on a record barren of evidence of domicile.

Jones provides no evidence of even a single class member's domicile. Instead, Jones quantified the assertions we found to be insufficient in denying his first remand motion. Jones' data sheds light only on the residency of fifty-eight percent (58%) of those Empire Beauty customers who provided an address at the time they purchased a service sometime over the past six years or so.

Jones chose not to limit his class definition to include only Pennsylvania citizens, which would undoubtedly warrant a remand.[37] Nor did Jones choose to sample the potential class members as to their domicile, or attempt to locate their voter registration records or other data helpful to our required domicile inquiry.[38] Instead, we are left with data dealing with residency alone.[39] In our

6

earlier order denying the motion to remand, we suggested "we may be inclined to apply common sense to discovery based on residences [.]"[40] But Jones had to do more than simply quantify his earlier statements regarding residency alone. As Jones has not presented relevant evidence regarding the domicile of any potential class member, we do not have sufficient evidence of domicile to which we could apply our common sense.[41]

The residency data is insufficient and unreliable in another regard: its time period. CAFA provides "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint [.]"[42] The proposed class includes all customers who received a service beginning in August 12, 2009 and the present. Jones filed the complaint on or around August 12, 2015, exactly six (6) years after the beginning of the class. Because citizenship is determined at the time of filing, it is entirely plausible potential members of the class who were citizens of Pennsylvania at the time they received a service, have since moved to another state or country with no intent to return.[43] In addition, the data analyzed extends beyond the class period, rendering the numbers unreliable.

Ultimately, Jones' evidence of citizenship falls short of his burden. His arguments are "premised on the assumption that residence is an effective proxy for domicile" but we "decline to draw such a parallel."[44] If we were to take up Jones' argument we would be engaging in nothing but guesswork. It may be "[s]ensible guesswork, based on a sense of how the world works, but guesswork nonetheless."[45] Without any evidence of domicile, we find Jones fails to meet his burden in showing at least one-third of the putative class is comprised of Pennsylvania citizens.

IV.    **Conclusion**

Jones elected to file his Complaint on behalf of all customers, not merely Pennsylvania citizens, who received cosmetology services at any one of Empire Beauty Salons in Pennsylvania for

almost stx (6) years. He elected to file his claim presumably to expand the number of members in his class regardless of citizenship. After we permitted jurisdictional discovery, he has not shown indicia of citizenship but rather repeats his same allegations concerning the residency of customers based upon their self-identification of home addresses when they visited the salons. We have not found any authority in this Circuit, and Jones has not met his burden of showing us any, allowing us to find he met his burden to remand this matter to the Pennsylvania state court based solely on addresses at the time of the services from 2009 to 2015. We deny his motion to remand in the accompanying Order.

---

[1] (ECF Doc. No. 1, Ex. A, at ¶ 47) He sued Empire Education Group ("EEG"), Frank Schoeneman, and Michael Bouman in the Philadelphia County Court of Common Pleas alleging violations of Pennsylvania's Beauty Culture Act, 63 Pa. Cons. Stat. § 507 *et seq*, which constitutes a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201 *et seq* ("UTPCPL"), as well as various Pennsylvania common law claims.

[2] In *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d. 506 (E.D. Pa. 2007), the court declined to remand under CAFA's home state exception because plaintiff could not meet his burden after discussing residency and citizenship of a party:

> A person is considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States . . . Domicile is established by residence and intent to make the place of residence one's home. The concept of domicile is not synonymous with residence. A person is generally a resident of any state with which he has a well-settled connection. Although evidence of residence is insufficient to prove domicile, the place where an individual lives creates a rebuttable presumption of domicile.

*Id* at 515. (internal citations and quotations omitted). The court declined to remand because the plaintiff's bare assertions of putative class members' residence were insufficient. Plaintiff proposed a class of "all employees of the U.S. Gauge facility [in Pennsylvania] over an approximately thirty-five year period." *Id.* at 517. The plaintiff did not account for the possibility employees may retire and move away, may commute from out-of-state, or change jobs and move to another state or country at the time of filing the complaint. *Id.*

[3] (ECF Doc. No. 1, at ¶ 19)

[4] There are two mandatory exceptions: the "local controversy exception" and the "home state exception." 28 U.S.C. § 1332(d)(4)(A) and (B).

[5] In *Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2011 WL 5557528 (D.N.J. Nov. 15, 2011), the court declined to presume a CAFA exception when plaintiffs brought a class action on behalf of "all purchasers in New Jersey, who since 2005 purchased Brother Laser Printers of similar models to Plaintiff's." *Id.* at *1. The court noted "the class here is not limited to New Jersey residents or employees but is comprised of people who merely purchased goods in New Jersey." *Id.* at *5.

[6] *Mondragon v. Capital One Auto Finance, et al.*, 736 F.3d 880, 885-886 (9th Cir. 2013); *See also Lincoln Benefit Life Co. v. AEI Life, LLC et al*, 800 F.3d 99, 111 (3d Cir. 2015)(must allow jurisdictional discovery on a factual challenge to jurisdiction in the LLC context).

[7] 28 U.S.C. § 1332(d)(4)(B).

[8] *Id.* at § 1332(d)(3).

[9] *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009).

[10] *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (citing *Schwartz v. Comcast Corp.*, No. 05-2340, 2006 WL 487915, *5 (E.D. Pa. Feb 28, 2006)).

[11] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286-87 (3d Cir. 2006).

[12] *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citation omitted).

[13] *Id.* (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)).

[14] *Washington*, 652. F.3d at 345.

[15] *Krasnov*, 465 F.2d at 1300; *Ellithy v. Healthcare Training Inst., Inc.*, No. 12-6209, 2013 WL 3480206, *4 (D.N.J. June 21, 2013) (declining to equate residency with domicile in interpreting CAFA exceptions); *Anthony*, 535 F. Supp. 2d at 515; *Schwartz*, 2006 WL 487915, at *4-5.

[16] *See Schwartz*, 2006 WL 487915, at *5 (citing *Krasnov*, 465 F.2d at 1301; Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13B *Federal Practice & Procedure*, § 3612, at 530-531).

[17] No. 13-360, 2013 WL 1386954, *4 (W.D. Pa. Apr. 4, 2013), *aff'd on other grounds,* 733 F.3d 497, 507 (3d Cir. 2013) ("[T]here is no dispute that more than two-thirds of the class members are citizens of Pennsylvania.").

[18] *Id.*

[19] 485 F.3d 793, 797-803 (5th Cir. 2007) ("*Preston I*").

[20] . *Preston v. Tenet Healthcaresystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 815-16 (5th Cir. 2007) ("*Preston II*").

[21] *Id.* at 798.

[22] *Id.* at 799.

[23] *Id.* at 801.

[24] *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015).

[25] *Id.* at 265.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] (ECF Doc. No. 31-1, at 1)

[31] (*Id.* at Ex. I; Mangold Decl., at ¶¶ 2-3.)

[32] (*Id.* at ¶ 3.)

[33] (*Id.* at ¶ 7(b).)

[34] (*Id.* at ¶ 7(c).)

[35] (*Id.* at ¶ 7(d).)

[36] (ECF Doc. No. 31-1, at 10.)

[37] *See In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010) ("By using that definition, the plaintiffs could have guaranteed that the suit would remain in state court.")

[38] *See Vodenichar*, 2013 WL 1386954, at *4; *Preston II*, 485 F.3d at 817.

[39] Jones' reliance on *Williams v. Homeland Ins. Co.*, 657 F.3d 287, 291 (5th Cir. 2011), is misplaced. It involved the citizenship of corporations, which is a different standard than for natural persons. Further, the relied upon quote is taken from *Preston II* where the court had some evidence of domicile and thus could make a "reasonable assumption." Finally, it is far from the only "circuit-level opinion on point" even if it were "on point."

[40] (ECF Doc. No. 23, at 3.)

[41] None of the "overwhelming number of district court opinions", which Jones contends allow logical inferences, militate a different outcome. Initially, *Hood* abrogated *Elsea v. Jackson County* which held "last known address" evidence was insufficient to meet CAFA's burden. 785 F.3d at 266. Additionally, the Seventh Circuit in *In re Sprint* vacated *In re Text Messaging Antitrust Litigation*. 593 F.3d at 676. The Seventh Circuit remanded the case for the plaintiffs to present additional evidence of citizenship. *Id.* Following remand, the parties conducted jurisdictional discovery wherein plaintiff conducted a telephone survey of a random sample of proposed class members. *In re Test Messaging Antitrust Litig.*, No. 08-7082, 2011 WL 305385, *2 (N.D. Ill. Jan. 21, 2011). Plaintiffs then executed voter registration, driver's license, and internet information searches about members who failed to complete the survey. *Id.* In other words, much more than what Jones has done.

[42] 28 U.S.C. § 1332(d)(7).

[43] *See Ellithy*, 2013 WL 3480206, at *5; *Anthony*, 535 F. Supp. 2d at 517.

[44] *Schwartz*, 2006 WL 487915, at *6.

[45] *In re Sprint*, 593 F.3d at 674.